# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LEWIS R. FOX,

  Petitioner,

 v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

  Respondent.

CASE NO. 2:19-CV-00901
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## ORDER

On August 30, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's Motion to Dismiss be denied, that Petitioner's unopposed Motion to Deem Exhausted or Excused be granted, and that Respondent be directed to submit a supplemental response to the petition. (Doc. 9). Respondent has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 10). Petitioner has filed a Motion to Object to Respondent's Objection and Motion to Supplement Petitioner's Objection. (Docs. 11, 12, 14.)

At issue is whether Petitioner's claim of the denial of the effective assistance of counsel remains unexhausted, and whether the Court should therefore grant Respondent's Motion to Dismiss the case without prejudice as unexhausted or whether grounds exist to support an alternative course of action. Petitioner first presented his claim of the denial of the effective assistance of counsel to the state courts in a November 16, 2017, petition for post-conviction relief. At the time of issuance of the Magistrate Judge's Report and Recommendation, the trial court had not yet issued a decision on that action. The Magistrate Judge therefore correctly recommended denying Respondent's Motion to Dismiss this action as unexhausted and granting

Petitioner's Motion to Deem Exhausted or Excused based on the trial court's inordinate delay. The record now indicates, however, that on September 5, 2019, the trial court issued a Decision and Entry denying Petitioner's post-conviction petition as without merit and barred under the doctrine of *res judicata*. (Doc. 10-1, PAGEID # 1062). Petitioner complained that he had not received a copy of the trial court's September 5, 2019, Decision and Entry, but nonetheless indicated that he would withdraw his unexhausted claim and proceed on his remaining claims for relief. (*Objection*, ECF No. 10.) Thereafter, on September 24, 2019, Respondent filed a Notice of Repeat Service. (Doc. 13). Petitioner now indicates that he has received a copy of the trial court's September 5, 2019, Decision and Entry. (*Motion to Supplement Petitioner's Objection*, Doc. 14, PAGEID # 1088). Petitioner no longer wishes to delete his unexhausted claim of the denial of the effective assistance of trial counsel. According to Petitioner, the State has attempted to sabotage his ability to pursue relief and failed to provide him with timely notification of the trial court's Decision and Entry denying the petition for post-conviction relief. As a result, Petitioner indicates that he could not pursue an appeal. Notably, Ohio does not permit delayed appeals in post-conviction proceedings. *See Brown v. Miller*, No. 5:13-cv-2842, 2015 WL 4879100, at *4 (S.D. Ohio Aug. 14, 2015) (citing *State v. Nichols*, 11 Ohio St.3d 40, 42–43, 463 N.E.2d 375 (1984) (expressly holding that an Ohio App.R. 5(A) delayed appeal is not available for an appeal of a post-conviction relief determination because post-conviction proceedings are considered quasi-civil in nature); *Ruark v. Warden, Ross Correctional Inst.*, No. 2:12–CV–934, 2014 WL 2805096, at *2 (S.D.Ohio June 20, 2014) (citing *Nichols* ).

The docket of the Franklin County Clerk indicates, however, that on October 4, 2019, Petitioner filed a Notice of Appeal.
https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?gzwAxhdiS6DISg5g3Tuz

Thus, it appears that Petitioner's state post-conviction appeal currently remains pending. Further, it does not appear that the statute of limitations has yet to expire. Presumably, post-conviction proceedings will toll the running of the statute of limitations under the provision of 28 U.S.C. § 2244(d)(2). *See Agbor v. Warden, Ross Correctional Institution*, No. 2016 WL 614575, at *4 (S.D. Ohio Feb. 16, 2016) (citations omitted). Under these circumstances, the record does not reflect a basis for a stay. *Rhines v. Weber*, 544 U.S. 269 (2005) (where the one-year statute of limitations may bar a habeas petition from re-filing, a federal court may grant a stay if the petitioner has "good cause" for failing to exhaust his claims and those claims do not plainly lack merit). The record also no longer reflects grounds to excuse the exhaustion requirement based on the state court's inordinate delay in ruling. Therefore, unless Petitioner chooses to withdraw his unexhausted claim of the denial of the effective assistance of trial counsel, the Court will grant the Respondent's Motion to Dismiss the case without prejudice as unexhausted.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's Motion to Deem Exhausted or Excused (Doc. 8) is **DENIED**. Petitioner's Motion to Supplement (Doc. 14) is **GRANTED**.

Petitioner shall notify the Court within ten (10) days as to whether he wishes to delete his unexhausted claim of the denial of the effective assistance of counsel and proceed on his remaining exhausted claims. His failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED**.

Date: October 25, 2019          s/James L. Graham  
                                                            JAMES L. GRAHAM  
                                                            UNITED STATES DISTRICT JUDGE