**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LEWIS R. FOX,**

       **Petitioner,**

       **v.**

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

                    **CASE NO. 2:19-CV-00901**
                    **JUDGE JAMES L. GRAHAM**
                    **Magistrate Judge Kimberly A. Jolson**

## ORDER

On January 10, 2020, the Magistrate Judge issued an Order and Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and denying Petitioner's request for an evidentiary hearing. (ECF No. 20.) Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 21.) Respondent has filed a Response. (ECF No. 22.)

Petitioner again raises all of the same arguments he previously presented. He argues that the state appellate court unreasonably determined that the evidence is constitutionally sufficient to sustain his conviction on felonious assault against Mary Robinson, because the record indicates that she was not standing close to Mary Griffin or in the line of fire, but in the grassy area off the porch. He again argues that the State failed to establish that Petitioner had any intent to shoot either of the alleged victims and asserts that the state appellate court wrongly denied his claim that his convictions are against the manifest weight of the evidence. Petitioner complains that the trial court failed to issue a lesser jury instruction on negligent assault, thereby denying him a fair trial. Finally, Petitioner argues that the state appellate court erroneously refused to

address the merits of his claim of ineffective assistance of appellate counsel based on his failure to comply with Rule 26(B)(2)(d) of the Ohio Rules of Appellate Procedure.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons already well detailed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's arguments fail. The record does not reflect that an evidentiary hearing is warranted or that Petitioner can establish a basis for relief. Accordingly, Petitioner's Objection (ECF No. 21) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 20) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit.  Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

Date: February 5, 2020

                                        \_\_\_\_\_s/James L. Graham_____
                                         JAMES L. GRAHAM
                                         United States District Judge